### UNITED STATES v. FOSTER et al.

District Court, S. D. New York.
Sept. 9, 1948.

John F. X. McGohey, U. S. Atty., of New York City, for plaintiff.

Unger, Freedman & Fleischer, of New York City, for defendants.

RIFKIND, District Judge.

Defendants have moved for an order permitting them to travel beyond the jurisdiction of this Court and throughout the continental United States. These defendants have been admitted to bail after a plea of not guilty to an indictment charging them with conspiring "to organize as the Communist Party of the United States of America a society, club, and assembly of persons who teach and advocate the overthrow and destruction of the Government of the United States by force and violence, and knowingly and wilfully to advocate and teach the duty and necessity of overthrowing and destroying the Government of the United States by force and violence."

It is to be noted that the defendants have not been accused of the commission of the substantive crime of teaching and advocating the overthrow of the Government of the United States by force and violence; nor have they been accused of conspiring to overthrow the Government of the United States by force and violence.

The reasons for the defendants' application are stated in an affidavit of their attorney as follows:

"It is essential in the preparation of their defense that they spend considerable time outside New York. The specific reason therefor is that they must raise funds for their defense, and for that purpose meetings have been arranged of members of the Communist Party and of the general public and will continue to be arranged throughout the country. The nature of the case, involving an entire political party, requires that they discuss their defense with prospective witnesses, who live in various parts of the country; likewise, the importance of the case impels the defendants to consult with learned and distinguished lawyers throughout the United States toward the end of retaining such counsel for their trial."

 The United States Attorney opposes the application. It needs to be emphasized that the opposition is not founded on an allegation that, if the defendants were permitted to leave the Southern District of New York, they would not be amenable to the court's order or available for trial. Nor does the Government challenge the claim made in behalf of the defendants that in order to prepare adequately for trial it is necessary for them to travel into various areas of the United States. The opposition is founded upon the fact that on a prior unsuccessful application by some of the defendants for the same relief, they assigned an additional reason for their desire to be relieved of the geographical limitation, namely, that they were required "to travel in the various states of the Union for the purpose of carrying on the legitimate activities of the Communist Party." It is suggested that the omission of this reason from the present application is evidence of bad faith. Clearly, however, the omission is equally consistent either with an acknowledgment of the discovery of new law or a reluctant acquiescence in an unwelcome decision.

 The office of bail in a criminal case is "to secure the due attendance of the party accused, to answer the indictment, and to submit to a trial, and the judgment of the court thereon". Ex parte Milburn, 1835, 9 Pet. 704, 710, 34 U.S. 704, 710, 9 L.Ed. 280. Generally speaking, it is not the purpose of the criminal law to confine a person accused of crime before his conviction. Hudson v. Parker, 1895, 156 U.S. 277, 285, 15 S.Ct. 450, 39 L.Ed. 424. Clearly, it is not the function of bail to prevent the commission of crimes between indictment and trial; and manifestly admission to bail is never a judicial license to continue the commission of crime. The release of the defendants on bail did not constitute a judicial license to practice crime within the territory of the southern district. The removal of the geographical limits upon the defendants' liberty would likewise not constitute a license to practice crime in any other district.

■ It is not so much as intimated in the answering affidavits that the teachings which the defendants are alleged to have conspired to promote are about to be crowned with success. It has not been suggested by the Government that these defendants should be held incommunicado. On the contrary, the United States Attorney has consented to their release on the bail heretofore fixed. Absent any suspicion that they would not attend when required, I see no reason why their application should not be granted.

The examination of the reasons assigned by the defendants for their application is not made for the purpose of pre-judging the legality of the proposed activity, but in order to rebut the suspicion which otherwise might arise that their desire to depart from the Southern District is occasioned by a disposition to render themselves unavailable to the court's order. Once that suspicion is sufficiently allayed, as in this case it certainly is, there is no further occasion for interfering with the legitimate activities of the defendants pending their trial.

■ Application granted.[1]

[1] The form of bond used in the Southern District of New York which differs from the form of bond set forth in the Federal Rules of Criminal Procedure, form 17, makes necessary the consent of the surety.