**UNITED STATES of America,** Appellee,

v.

**William Z. FOSTER, Defendant-Appellant.**

**No. 270, Docket 26025.**

United States Court of Appeals Second Circuit.

Argued April 11, 1960.

Decided May 12, 1960.

Mary M. Kaufman, Brooklyn, N. Y., for appellant.

S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of New York, New York City, David Klingsberg and Gideon Cashman, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before SWAN, CLARK and FRIENDLY, Circuit Judges.

SWAN, Circuit Judge.

The orders which defendant seeks to have reviewed were made in criminal cases based on two indictments which have been pending against him since July 20, 1948. He pleaded not guilty and was released on bail.[1] On July 2, 1959, Judge Noonan denied appellant's motion to dismiss the indictments.[2] This is the first order brought up for review. Thereafter, on October 21, 1959, Judge Edelstein denied a motion to extend bail limits

---

1. One of the indictments charged him and several co-defendants with conspiracy to violate § 3 of the Smith Act. When this indictment came on for trial in January 1949, Foster's motion for severance was granted on the ground he was then too ill to stand trial. The other indictment charged him alone with violating § 2 of the Smith Act. Both sections 2 and 3 of said Act now appear in 18 U.S.C. §§ 371, 2385.

2. As alternative relief the motion sought enlargement of Foster's bail limits. This was denied with leave to renew. The renewal motion was filed in September 1959 and was heard by Judge Edelstein.

to permit Foster to travel to the Soviet Union and/or Czechoslovakia for the purpose of obtaining medical care and treatment. This order was also appealed. By order of court the appeals have been consolidated.

The theory of the motion to dismiss is that the state of Foster's health is such that he can never be tried and that the pendency of the indictments under these circumstances violates his constitutional rights.[3] Before considering the merits of appellant's contention, it is necessary to pass upon the appellee's contention that an order refusing to dismiss an indictment is interlocutory and not appealable.

■ The jurisdiction of courts of appeal is limited by 28 U.S.C.A. § 1291 to "final decisions." What constitutes a final decision in a criminal case has been recently discussed by the Supreme Court. Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377; Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. In the former, 351 U.S. at page 518, 76 S.Ct. at page 916 the opinion states:

> " * * * In general, a 'judgment' or 'decision' is final for the purpose of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'
> * * *
> " * * * 'Final judgment in a criminal case means sentence.' "

In the Carroll case the court said in 354 U.S. at page 405, 77 S.Ct. at page 1339, that "Appeal rights cannot depend on the facts of a particular case."

■ We think it clear that there is an absence of final action in denying a motion to dismiss an indictment. It leaves the indictment to be brought to trial in due course—as does denial of summary judgment in a civil action. Nor do we think the order appealable under

the "off-shoot rule" applied in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 and Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 upon which appellant relies. Cf. United States v. Golden, 2 Cir., 239 F.2d 877. Accordingly the appeal from the first order must be dismissed.

■ In support of the appealability of Judge Edelstein's order refusing to extend bail limits Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 is relied upon. Appellant argues that there is no distinction in principle, with respect to appellate jurisdiction under § 1291, between an order fixing excessive bail and an order denying relief from unreasonably restrictive conditions of bail. The question is not free from doubt. In the Stack case in 342 U.S. at page 6, 72 S.Ct. at page 4, the court said:

> "As there is no discretion to refuse to reduce excessive bail, the order denying the motion to reduce bail is appealable as a 'final decision' of the District Court under 28 U.S.C. § 1291."

In the case at bar whether the bail limits should be extended is a matter within the discretion of the judge. Hence recognition of the appealability of the order is somewhat of an extension of the Stack case. But in the rare case where the movant contends that denial of the motion is an arbitrary exercise of discretion and violates his constitutional rights, we believe the order should be appealable.

As stated by Judge Edelstein, "The basis for the instant motion is a medical opinion that he needs institutional care in a warm climate where certain rehabilitative measures are available, and that the cost of such institutional care in this country is beyond his means, whereas he has received invitations from organizations in the Soviet Union and Czechoslovakia which undertake to provide the care free of charge. The Government opposes the motion inasmuch as

---

3. The Fifth Amendment, the Sixth Amendment, the Eighth Amendment, and Article

III, Section 2 of the Constitution are relied upon.

the defendant would not, in those countries, be amenable to service of judicial process nor would he be extraditable."

■ The function of bail is to assure the presence of the accused when required by the court in a pending criminal case. Stack v. Boyle, 342 U.S. 1, 5, 72 S.Ct. 1; United States ex rel. Rubinstein v. Mulcahy, 2 Cir., 155 F.2d 1002, 1004. The propriety of imposing territorial limitations as a condition of granting release on bail cannot be doubted, nor can the court's power in its discretion to expand the limits originally fixed. United States v. Foster, D.C.S.D. N.Y., 79 F.Supp. 422; Reynolds v. United States, 80 S.Ct. 30, 4 L.Ed.2d 46. In the latter case Mr. Justice Douglas granted Dr. Reynolds' request to be permitted to go to Japan. There the Government was satisfied that he would perform his promise to return if his conviction were affirmed by the appellate court. The situation with respect to Foster is very different. The Government asserts that the United States has no extradition treaty with the Soviet Union and that its extradition treaty with Czechoslovakia does not apply to the crimes with which he is charged. Nor would Foster be subject to enforceable process in either of those countries. He has not promised to return if the medical treatment he expects to obtain improves his health sufficiently to permit him to stand trial, nor would court appointed doctors be able to examine him to determine that fact. Finally, as Judge Edelstein found, the appellant did not make such a showing of the unavailability in this country of medical facilities suitable for his needs and financial circumstances as to outweigh the Government's interest in having him continue to be reachable by judicial process. There was no abuse of discretion in denying the motion and the order should be affirmed.

The appeal from the first order is dismissed; the second order is affirmed.

FRIENDLY, Circuit Judge (concurring, as to the appeal from the second order).

In Carroll v. United States, 1957, 354 U.S. 394, 403, 77 S.Ct. 1332, 1338, 1 L. Ed.2d 1442, the Supreme Court characterized Stack v. Boyle, 1951, 342 U.S. 1, 6, 72 S.Ct. 1, as "The only decision of this Court applying to a criminal case the reasoning of Cohen v. Beneficial Loan Corp., 337 U.S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528]." I take the decision and the discussion in Carroll to indicate that the Courts of Appeals are not to be astute to extend Stack v. Boyle. The opinion in that case shows that the rule of appealability there announced was not intended to include those applications for reduction of bail which "merely invoke the discretion of the District Court setting bail within a zone of reasonableness"; it related only to such applications as "challenged the bail as violating statutory and constitutional standards, which, in consequence, the District Court would have "no discretion to refuse." Here the application was addressed to the discretion of the district judge. It required a weighing of Foster's interest in obtaining medical care abroad which was alleged to be beyond his means at home, against the government's interest, great or small as this here may be, in having him amenable to process. Foster has no constitutional right to travel to the Soviet Union and Czechoslovakia; in the very decision on which he relies the Court emphasized, "We must remember that we are dealing here with citizens who have neither been accused of crimes nor found guilty." Kent v. Dulles, 1958, 357 U.S. 116, 130, 78 S.Ct. 1113, 1120, 2 L.Ed.2d 1204.

I would therefore dismiss the appeal from Judge Edelstein's order for want of appellate jurisdiction. If we have jurisdiction as the majority believes, I would join for affirmance.