**UNITED STATES of America**

v.

**Ann Rene NAVE.**

**Crim. No. S 89–0339.**

United States District Court, D. Maryland.

March 27, 1990.

Breckinridge L. Willcox, U.S. Atty., and Martin S. Himeles, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, and Michael T. CitaraManis, Asst. Federal Public Defender, Baltimore, Md., for defendant.

### MEMORANDUM AND ORDER

SMALKIN, District Judge.

Having read and considered the defendant Nave's *ex parte* motion for authorization of government funds for lodging during trial for the indigent defendant, the same must be *denied.* The statute cited by defendant's counsel, 18 U.S.C. section 4285, does not authorize such payments, but only provides for payment of travel and subsistence *to the place of trial.* The legislative history of the statute, H.R.Rep. No. 95–1653, 95th Cong., 2d Sess. at 3 (1978), *reprinted in* U.S.Code Cong. & Admin.News 1978 at 3734, provides:

> If it is necessary to provide subsistence expenses by the court it shall be provided only for the time during which the defendant is actually travelling. Subsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at that destination.

Given the *shall* language used in the legislative history, this Court must conclude that there is no statutory authority for expending appropriated funds for the purpose sought in the defendant's present motion. Thus, under the so-called Anti–De-

ficiency Act, the Court should not order such an expenditure, *see* 31 U.S.C. section 1341, and, if it were to do so, the undersigned judge could conceivably be open to criminal prosecution under 31 U.S.C. section 1350, a situation that might mildly amuse some, but which ought to be avoided, if possible. Unless and until the Congress amends the statute (18 U.S.C. section 4285) to provide express authority for the kind of payment sought here, the indigent defendant must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house.

For the stated reasons, the defendant's motion for authorization of funds for lodging is hereby *denied*.