**UNITED STATES of America, Plaintiff,**

v.

**Deanna Marie SANDOVAL, Defendant.**

**No. 92–40043–04–SAC.**

United States District Court,
D. Kansas.

Feb. 9, 1993.

Lee Thompson, U.S. Atty., Thomas G. Leudke, Asst. U.S. Atty., Topeka, KS, for plaintiff.

Joseph D. Johnson, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court upon the motion of the defendant, Deanna Marie Sandoval, for an order pursuant to 18 U.S.C. § 4285 requiring the United States Marshal's Service to provide her with transportation to Topeka, Kansas, from Denver, Colorado, on Friday, February 12, 1993 (Dk. 78). This case is set for trial on February 16, 1993. The defendant also seeks an order requiring the Marshal's Service to provide her with subsistence for expenses from the time she leaves her residence in Denver, Colorado, until the time that she returns to Denver, Colorado, following completion of the trial. Specifically, Sandoval requests funds to pay for seven nights at the Ramada Inn.

The court finds after appropriate inquiry and good cause shown, that the defendant, Deanna Marie Sandoval, is financially unable to provide the necessary transportation from Denver, Colorado, to Topeka, Kansas, where her appearance is required for trial set to begin on February 16, 1993. The court finds that the interests of justice would be served by requiring the United States Marshal for the District of Kansas to arrange for Deanna Marie Sandoval's transportation from Denver, Colorado, to Topeka, Kansas, on February 12, 1993. The defendant's request for arrangements for a return trip from Topeka, Kansas, to Denver, Colorado, are denied.

In regard to the defendant's request for funds to cover her costs of subsistence, 18 U.S.C. § 4285 authorizes the court to order the Marshal, in addition to arranging for a defendant's noncustodial transportation or to furnish fare for the defendant's transportation to the place where her appearance is required,

to furnish that person with an amount of money for *subsistence expenses to his*

*destination*, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

Therefore, while the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching Topeka, Kansas.

In *United States v. Nave*, 733 F.Supp. 1002 (D.Maryland 1990), an indigent defendant sought, pursuant to 18 U.S.C. § 4285, funds for lodging during trial. The court denied the defendant's request. Section 4285 "does not authorize such payments, but only provides for payment of travel and subsistence *to the place of trial.*"

The legislative history of the statute, H.R.Rep. No. 95-1653, 95th Cong., 2d Sess. at 3 (1978), *reprinted in* U.S.Code Cong. & Admin.News 1978 at 3732, 3734, provides:

If it is necessary to provide subsistence expenses by the court it shall be provided only for the time during which the defendant is actually travelling. Subsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at that destination.

733 F.Supp. at 1002. Therefore the court was without authority under § 4285 to provide funds for an indigent defendant's subsistence during trial. "Unless and until the Congress amends the statute (18 U.S.C. § 4285) to provide express authority for the kind of payment sought here, the indigent defendant must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre-Trial Services Agency for lodging in some appropriate facility, such as a halfway house." *Id.* at 1003.

In *United States v. Gundersen*, 978 F.2d 580 (10th Cir.1992), the Tenth Circuit, agreeing with the court in *Nave*, held that § 4285 "does not authorize payment of sub-

sistence during the period of trial; it authorizes payment only for the travel to court and subsistence during the period of travel." 978 F.2d at 584. The Tenth Circuit went on to hold, however, that the Pretrial Service Act, 18 U.S.C. §§ 3152–3156, requires the Pretrial Services Agency to provide food and shelter to indigent persons released on bond who demonstrate genuine need for such subsistence during the period of trial. *Id.*

In *Gundersen,* the court of appeals held that providing an indigent defendant with food and shelter only through residency in a governmental-managed facility does not violate that person's constitutional rights so long as the conditions imposed upon that defendant were not unduly onerous and permit the defendant to contact counsel and sufficient release time to prepare their defense. *Id.*

■ The court, having consulted with Pretrial Services (the probation department), concludes that funds are not available to pay for lodging at the Ramada Inn or any other commercial hotel or motel. Instead, Pretrial Services may arrange for Deanna Marie Sandoval to stay at the Topeka Rescue Mission, 600 North Kansas Avenue, Topeka, Kansas, upon her arrival on February 12, 1993, until the trial of this matter is completed. This is the only option available to the court.

Upon receipt of this order, the defendant shall contact Pretrial Services to indicate whether she intends to stay at the Topeka Rescue Mission or whether she intends to make her own arrangements for food and shelter. If Sandoval chooses to stay at the Topeka Rescue Mission, Pretrial Services will provide Sandoval with the necessary information concerning the Topeka Rescue Mission as well as information concerning transportation from the Mission to the courthouse. If Sandoval chooses not to stay at the Topeka Rescue Mission during her trial, the court is unable to provide any funds for her subsistence upon her arrival in Topeka, Kansas.

If Sandoval chooses to stay at the Topeka Rescue Mission, no restrictions shall be imposed upon her beyond those required to protect institutional concerns for order and the welfare of all the inhabitants. In any event, Sandoval is, of course, still subject to all of the conditions of release previously imposed by the court.

Any questions concerning arrangements at the Topeka Rescue Mission should be directed to Pretrial Services.

IT IS THEREFORE ORDERED that Deanna Marie Sandoval's motion for transportation and subsistence expenses (Dk. 78) is granted in part and denied in part. The United States Marshal for the District of Kansas shall arrange for Deanna Marie Sandoval's travel expenses, including a one-way, non-refundable ticket from Denver, Colorado, to Topeka, Kansas (or to Kansas City International Airport plus transportation to Topeka, Kansas, whichever is less expensive). Such expenses shall be paid by the Marshal from the funds authorized by the Attorney General for such expenses, pursuant to 18 U.S.C. § 4285. Upon receipt of this order, the defendant shall contact the United States Marshal's Service in Denver, Colorado, at 303–844–2801 to determine the time and place that she should appear to obtain the travel funds granted by this order.

IT IS FURTHER ORDERED that upon receipt of this order, the defendant shall contact Pretrial Services at 913–295–2790 to inform Pretrial Services whether it is necessary for that agency to make arrangements for her to stay at the Topeka Rescue Mission, 600 North Kansas Avenue, Topeka, Kansas, upon her arrival on February 12, 1993, until the trial of this matter, which is set to begin on February 16, 1993, is completed.