43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin YOCUM, Defendant-Appellant.
 No. 93-4089.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1994.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Pursuant to a plea bargain agreement, Benjamin Yocum entered a guilty plea to one count of aiding and abetting in the distribution of cocaine in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. He now appeals the district court's denial of his prior motion to dismiss the indictment, contending that it was clear that the government could not prove the essential elements of the charge. We affirm.
 
 BACKGROUND
 
 3
 Following his indictment, Yocum entered into a plea agreement with the government, which provided that the government would seek a downward departure in sentencing in exchange for his guilty plea and cooperation. At the initial hearing on January 28, 1993, the district court refused to accept the guilty plea, and instead set trial for February 11. Thereafter, Yocum filed a number of motions, including a motion to dismiss, which the court denied at a motions hearing on February 8.
 
 
 4
 Following the court's denial of his motion, and after discussing the matter with his attorney, Yocum again tendered a guilty plea which the court accepted after a full examination and discussion on the record. Additionally, in open court, Yocum executed a comprehensive Statement in Advance of Plea of Guilty. At no time did Yocum specify any reservation of any right to appeal the court's denial of any of his motions.
 
 
 5
 Based on the government's motion for a downward departure pursuant to USSG 5K1.1, the district court departed from the minimum mandatory sentence, and the sentencing judgment was entered on April 30, 1993. On May 5, 1993, Yocum's attorney mailed a notice of appeal to the Tenth Circuit Court of Appeals, which the clerk received and forwarded to the district court clerk on May 7, 1993. However, this notice of appeal was not filed in the district court until May 11.
 
 DISCUSSION
 A. Jurisdiction
 
 6
 The filing of a notice of appeal within the time periods prescribed by rule or statute is mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Fed. R.App. P. 3(a) provides: "An appeal permitted by law as of right ... shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." Fed. R.App. P. 4(b) provides that "[i]n a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry ... of judgment." The rule further provides that the district court may extend the period for filing for thirty days upon a showing of excusable neglect.
 
 
 7
 Yocum's filing in the district court was one day late. The government urges us to remand this matter to the district court for a determination of excusable neglect. However, in a case such as this, involving a mistakenly directed filing which was timely in its first receipt, an excusable neglect determination is not necessary. Thus, we have previously construed a notice of appeal which was incorrectly directed to the district court judge within the ten-day period to satisfy the requirement of filing with the clerk of the court. Haflen v. United States, 324 F.2d 52, 54 (10th Cir.1963). More recently we have construed a pleading filed with this court within the ten-day period to be the functional equivalent of a notice of appeal. See United States v. Gundersen, 978 F.2d 580, 583-84 (10th Cir.1992).
 
 
 8
 Additionally, we note that Fed R.App. P. 4(a)(1) specifically addresses the treatment of a misdirected notice of appeal in the context of civil appeals:
 
 
 9
 If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date when the clerk received the notice and send it to the clerk of the district court and the notice will be treated as filed in the district court on the date so noted.
 
 
 10
 Fed. R.App. P. 4(a)(1).
 
 
 11
 Although Rule 4(a)(1) is not specifically applicable to criminal cases, given our precedent, we deem Yocum's appeal as timely filed in the district court on the date it was received by the appeals court clerk.
 
 B. Denial of Motion to Dismiss
 
 12
 After a full examination on the record, the court found that factual basis existed for Yocum's guilty plea which the court accepted. Appellee's Br., Attachment B at 58. Nonetheless, Yocum now complains that the court erred in its earlier denial of his motion to dismiss, based on his contention that the government could not prove its case.
 
 
 13
 A defendant's voluntary and knowing guilty plea waives all nonjurisdictional defenses, thus foreclosing our review of the district court's earlier denial of any nonjurisdictional pretrial motion. United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.), cert. denied, 498 U.S. 856 (1990). Yocum does not contend that his plea was not voluntary and knowing.
 
 
 14
 In certain situations, Fed.R.Crim.P. 11(a)(2) allows a defendant to enter a guilty plea, while still preserving a claim for appellate review:
 
 
 15
 (2) Conditional Pleas. With the approval of the court and the consent of the govern-ment, a defendant may enter a conditional plea of guilty ... reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
 
 
 16
 However, as noted, Yocum did not specify any reservations. Neither did the government consent to, nor the court approve, any reservation. Accordingly, Yocum has waived the claim of error he now asserts.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470