**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONARD LIED,

      Plaintiff-Appellant,

v.

U.S. DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO,

      Defendant-Appellee.

No. 99-2224
(D.C. No. CR-92-216-HB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before, **SEYMOUR**, Chief Judge, and **EBEL** and **BRISCOE**, Circuit Judges.

Movant-Appellant Leonard Lied brings this action appealing from the

decision in the United States District Court for the District of New Mexico

denying his request to release a document under seal in case No CR-92-216-HB,

United States v. Madrid. That case was the successful prosecution of Felipe

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Madrid. Mr. Lied was not a party to that action. Mr. Lied was convicted of various crimes in the Western District of Texas. (Aplt. Br. 1; Aple. Br. 3.) In exchange for and after his testimony in the case against Mr. Lied and others, Mr. Madrid's sentence in his New Mexico prosecution was substantially reduced as a result of the government's filing of a sealed motion pursuant to Fed. R. Crim. P. 35 in the District of New Mexico. (Aple. Br. 3; d. ct. docket sheet nos. 70 & 71.)

On October 4, 1998, Mr. Lied filed a motion attacking his conviction pursuant to 28 U.S.C. § 2255 in the Western District of Texas. (See Aple. Br. at 3.) On March 8, 1999, Mr. Lied sent a request to Senior District Judge Howard C. Bratton in the District of New Mexico, asking that he release to Mr. Lied a copy of the sealed Rule 35 motion in Mr. Madrid's case. (See 3/8 Request, attached to Aplt. Br.) By letter dated March 18, 1999, Judge Bratton denied Mr. Lied's request. (See 3/18 Bratton Letter, attached to Aplt. Br.) Neither Mr. Lied's original request nor Judge Bratton's March 18 letter was filed with the district court clerk's office. (See d.ct. docket sheet.) On April 22, 1999, Mr. Lied submitted a "Motion to Reconsider" to Judge Bratton, who denied the motion the same day. (See 4/22 Request, attached to Aplt. Br.) The Motion to Reconsider and Judge Bratton's denial were both filed with the district court clerk's office. (See d.ct. docket sheet nos.72 & 73.) Mr. Lied now seeks to appeal Judge Bratton's April 22 denial to this court.

Properly understood, Mr. Lied is asking this court to issue a writ of mandamus to the District of New Mexico compelling the release of the government's Rule 35 motion in Mr. Madrid's case. Federal R. App. P. 21(a)(1) requires that "[a] party petitioning for a writ of mandamus . . . to a court must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court." There is no indication in the record, however, that Mr. Lied has properly served Mr. Madrid, a party to the underlying case, with copies of the pleadings seeking release of the Rule 35 motion. Mr. Madrid, as the defendant in that case, certainly has an interest in the motion detailing his cooperation with the government remaining under seal. Consequently, Mr. Lied's action seeking a writ of mandamus is not properly before this court and shall be dismissed.

We note, moreover, that "[p]etitioners are . . . entitled to a writ of mandamus only if they are without any other legal remedy." United States v. Gunderson, 978 F.2d 580, 582 (10th Cir. 1992). However, Mr. Lied does possess another legal avenue to seek disclosure of the Rule 35 motion via his § 2255 proceedings in Texas. Accordingly, even had Mr. Lied properly served his request on all the parties, we would decline to issue the writ of mandamus to the District of New Mexico.

Mr. Lied's appeal to this court is DISMISSED. Appellee's motion to supplement the record is denied.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge