**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SRI DAVID CONRAD: ROBERTS,

    Plaintiff-Appellant,

v.

THE STATE OF COLORADO,

    Defendant-Appellee.

Nos. 00-1393
&
00-1448
(D.C. No. 00-M-1359)
(D. Colo.)

SRI DAVID CONRAD: ROBERTS;
LYNDEN KERRY: KINGSBURY,

    Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
STATE OF COLORADO,

    Defendants-Appellees.

No. 00-1446
(D.C. No. 00-M-319)
(D. Colo.)

SRI DAVID CONRAD: ROBERTS,

    Plaintiff-Appellant,

v.

STATE OF COLORADO,

    Defendant-Appellee.

No. 00-1449
(D.C. No. 00-M-621)
(D. Colo.)

## ORDER AND JUDGMENT [*]

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

## I. Background

Appellant Sri David Conrad: Roberts ("Mr. Roberts") has filed a minimum of three separate actions in federal district court challenging various state court convictions. Each of the federal actions was dismissed. Mr. Roberts subsequently appealed each dismissal, and further filed post-dismissal "Summary Judgment Motion[s]" in each action seeking to have the district court vacate its order dismissing the action and enter judgment for Mr. Roberts. Mr. Roberts then also appealed the district court's rulings striking his post-dismissal summary

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

judgment motions, resulting in a total of six appeals to this court. Two of the appeals of dismissal orders have been decided previously in unpublished orders and judgments. Mr. Roberts' remaining four appeals are disposed of here.

## II. Appeal No. 00-1393

On July 5, 2000, Mr. Roberts filed a "Request for Quo Warranto to Issue" with the United States District Court for the District of Colorado, naming the State of Colorado as the defendant . In this brief pleading, Mr. Roberts does not provide any information about the state court proceedings he is apparently challenging. Instead, Mr. Roberts makes wide-ranging arguments, including the assertions that requiring him to pay his fine in anything other than gold and silver coin violated the United States Constitution and that there had been no valid electors in the United States since the Bretton Woods Agreement of 1944. The only specific form of relief sought by Mr. Roberts is the expulsion of a Teller County judge.[1] The State filed a Motion to Dismiss characterizing Mr. Roberts' pleading as a civil complaint, in response to which the State asserted immunity and failure to state a claim. In his Response to Defendant's Motion to Dismiss, Mr. Roberts makes a passing, incoherent reference to the writ of habeas corpus.

---

[1] The named judge was presumably the presiding judge at one of Mr. Roberts' state court proceedings, though Mr. Roberts fails to provide even this minimal background explanation for his filing.

Otherwise, however, Mr. Roberts' papers filed below present no cognizable request for habeas relief, nor has he made any attempt to demonstrate that any of the jurisdictional prerequisites for habeas relief have been met. The remainder of the Response consists of "interrogatories" -- rhetorical questions challenging the legitimacy of the Colorado and federal governments and the extension of the franchise beyond white, male landowners -- and a short treatise on related topics.

Dismissal for failure to state a claim is a question of law that we review de novo. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). As did the district court, we accept all Mr. Roberts' factual allegations as true and seek to determine only if the complaint states a claim that would entitle him to relief. *See id.* While it is our duty to liberally construe pro se pleadings to find a claim for relief if one exists, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the courts cannot construct claims out of whole cloth where, as here, a party has utterly failed to articulate a cognizable request for relief, *see Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

Here, though the term "writ of habeas corpus" appears in Mr. Roberts' papers, it is not possible to construe his pleadings as requesting any relief provided by that writ. Neither does Mr. Roberts describe facts giving rise to any form of civil rights claim. Because Mr. Roberts has not requested any cognizable

-4-

form of legal relief, the district court's decision to dismiss the action was proper and is affirmed. [2]

### III. Appeals Nos. 00-1446, 00-1448, & 00-1449

The three remaining appeals are virtually identical to one another both in posture and in content. [3] In each instance, Mr. Roberts has sought to revive his previously dismissed federal district court actions by filing a post-dismissal "Motion for Summary Judgment" that relies on both Federal Rule of Civil Procedure 56 and Rule 60(b). Motions for post-judgment relief are committed to the trial court's discretion. *See Buchanan v. Sherrill*, 51 F.3d 227, 230 (10th Cir. 1995).

In each case, the district court correctly struck the motion for summary judgment on the grounds that such a motion cannot be considered when no action is pending in the district court. Mr. Roberts filed his notice of appeal of the dismissal in each case prior to filing his motions for summary judgment, thereby

---

[2]     Mr. Roberts' application to file this appeal in forma pauperis is denied. Mr. Roberts filed the three additional appeals addressed in this order and judgment approximately one month after filing his notice of appeal in No. 00-1393, and paid the required filing fees in all three of the other appeals.

[3]     Lynden Kerry: Kingsbury is also an appellant in appeal No. 00-1446. Because there are no arguments particular to her in the briefing of that appeal, and for the sake of convenience, references to Mr. Roberts in the discussion of these three, related appeals will be taken to refer to both appellants where necessary.

divesting the district court of jurisdiction over those matters on appeal. *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

While the district court's ruling in each case implicitly rejects the Rule 60(b) arguments as well, the district court did not explicitly address the portion of Mr. Roberts' motions purporting to rely on that rule. Because the Rule 60(b) arguments involve no disputed facts, and because they are deficient as a matter of law, we may address them here without remand to the district court in the interests of judicial economy. *See Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997).

Mr. Roberts' Rule 60(b) arguments in each motion share the same premise: that the defendants in each of the actions committed fraud by failing to answer interrogatories served on them by Mr. Roberts. In each case, Mr. Roberts propounded interrogatories either shortly before or, in one case, long after the action had been dismissed. Therefore, in each case, the action was dismissed before the defendants came under any obligation to respond to Mr. Roberts' interrogatories. There is thus no allegation of fraud or other irregularity warranting the extraordinary relief contemplated by Rule 60(b). *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (relief under Rule 60(b) is extraordinary and is granted only in exceptional circumstances).

Finally, the petitions for writ of mandamus accompanying each of these three appeals are dismissed. Mandamus is available only when a party lacks any other legal remedy. *See United States v. Gundersen*, 978 F.2d 580, 582 (10th Cir. 1992). Here, Mr. Roberts was free to and in fact did exercise his right to appeal.

## IV. Conclusion

The orders of the United States District Court for the District of Colorado in appeals Nos. 00-1393, 00-1446, 00-1448, and 00-1449 are AFFIRMED. Mr. Roberts' application to file appeal No. 00-1393 in forma pauperis is DENIED. The Petitions for Writ of Mandamus in appeals Nos. 00-1446, 00-1448, and 00-1449 are DISMISSED.

Entered for the Court

Deanell Reece Tacha
Chief Judge