**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

MELVYN PAUL RIVERS,

    Plaintiff-Appellant,

v.

DANIEL B. KING; LINDA
SWANSON; LANGSTAFF; IRVING
ETTENBERG; D.A. VERNON;
CHRISTOPHER CROSS; PHILLIP M.
CLARK; PAT SULLIVAN;
BARBARA DENMARK; LEE
GRAAF; and ROBERT RUSSELL,

    Defendants-Appellees.

No. 01-1294
(D.C. No. 01-Z-611)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **TACHA**, Chief Judge, **SEYMOUR**, Circuit Judge, and **BRORBY,** Senior
Circuit Judge.

---

After examining plaintiff's opening brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal.     *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Melvyn Paul Rivers, proceeding pro se, is appealing the district court's order and judgment dismissing his civil rights complaint. Our jurisdiction arises under 12 U.S.C. § 1291. We affirm.

Plaintiff was convicted of first degree assault under Colorado law. He received, and is currently serving, a mandatory enhanced sentence for committing a crime of violence. Plaintiff has filed this civil rights action under 42 U.S.C. § 1983 against his public defender, two of the district attorneys involved in the state court prosecution, four state court judges, a detective, two state probation office employees, and a county sheriff. In his complaint, plaintiff claimed that he was falsely arrested, that he was subjected to double jeopardy and excessive bail, and that his due process, equal protection, and Eighth Amendment rights were violated because: (1) he was originally arrested and detained on a charge of second degree assault; however, while he was being detained on that charge, the district attorney obtained an "at large" arrest warrant on the charge of first degree assault based on perjured testimony; (2) he was never arrested or given bond on the charge of first degree assault; (3) he was detained on the charge of second degree assault without a court order; (4) he was deprived of his right to habeas relief on the charge of second degree assault; and (5) he received

an enhanced sentence based on false information in the presentence report. [1]

Plaintiff requested both money damages and that he be immediately released from prison and his entire criminal record expunged. Plaintiff also requested that defendants be prosecuted under local law.

The district court dismissed plaintiff's complaint. First, the court found that a judgment in plaintiff's favor under § 1983 would necessarily imply the invalidity of his conviction. Accordingly, the court found that plaintiff's claims are subject to *Heck v. Humphrey*, 512 U.S. 477 (1994), and that, under *Heck*, he "may not seek an award of damages unless he has invalidated his conviction prior to bringing this action." [2] R., Doc. 11, at 3. Because plaintiff failed to show that his conviction was invalidated prior to the filing of his § 1983 claims, the district court dismissed the claims against the detective, the sheriff, and the probation office employees without prejudice.

Second, the court dismissed plaintiff's claims against the remaining defendants with prejudice, finding that the public defender was not acting under

---

[1] Plaintiff's specific claims against each individual defendant are set forth on attachment A to his complaint.

[2] Under *Heck*, in order to recover damages for an allegedly unconstitutional conviction or sentence, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486-87.

color of state law, *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981), that the district attorneys are entitled to absolute immunity because they were acting within the scope of their duties as prosecutors, *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), and that the state court judges are entitled to absolute immunity because they were acting in their judicial capacity, *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

Because he is proceeding pro se, we must construe plaintiff's complaint liberally. *Id.* at 1265. Further, "[t]he sufficiency of a complaint is a question of law which we review *de novo*." *Id.* (quotation omitted). "Accordingly, we apply the same scrutiny to the complaint as did the trial court." *Id.* (quotation omitted). In this regard, we assume the district court dismissed plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We therefore accept the well-pleaded allegations in the complaint as true and construe them in the light most favorable to plaintiff. *See Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997).

Applying these standards, we agree with the district court's analysis. We affirm the dismissal of plaintiff's complaint for the reasons set forth in the district

court's order and judgment dated June 12, 2001. [3]

Finally, plaintiff's motion to proceed on appeal without prepayment of the filing fee is granted. We remind plaintiff that because his motion to proceed in forma pauperis on appeal was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED** .[4]

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[3]Even if we construe plaintiff's complaint as an application for a writ of habeas corpus under 28 U.S.C. § 2254, he has not shown that he exhausted all available judicial remedies in state court, a prerequisite to habeas relief. *See* § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[4]Plaintiff also filed a petition for writ of mandamus in this court on August 6, 2001. To the extent his request for mandamus is directed against state officials, this court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials. 28 U.S.C. § 1361. *See also Amisub (PSL), Inc. v. Colorado Dep't of Soc. Services*, 879 F.2d 789, 790 n.2 (10th Cir. 1989). To the extent he requests us to compel the district court to investigate state defendants' alleged actions, his request merely restates the grounds for his initial suit in district court and duplicates his appeal of the district court's dismissal of that suit. As we stated in *United States v. Gundersen*, "if appeal is available to petitioners as a means of redress, their case is not appropriate for mandamus relief." 978 F.2d 580, 582 (10th Cir. 1992). *See also Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) (denying writ of mandamus but remanding to determine whether suit stated claim for habeas relief or relief under section 1983).