F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 3 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

K.F. MOORE; COLLEEN MOORE, a
married couple,

Plaintiffs-Appellants,

v.

WILLIAM W. BUSBY, an individual;
JOHN G. LANNING, an individual,

Defendants-Appellees.

No. 03-5039
(D.C. No. 02-CV-300-EA)
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and  **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs, proceeding pro se, seek review of the district court's order granting defendants' motion to dismiss their action brought pursuant to 42 U.S.C. § 1983, or alternatively, for summary judgment. The defendants are a state trial judge and an attorney who participated in a 2001 state court proceeding in Washington County, Oklahoma. In that proceeding, plaintiffs attempted to quiet title to a property that had been seized and sold at public auction in 1993 for nonpayment of federal taxes. Plaintiffs were subsequently evicted from the property in 1994 pursuant to a quiet title action filed by the purchasers (Schraders). That action was also presided over by Judge Lanning. In the recent state proceeding, at which defendant Busby represented the Schraders, Judge Lanning dismissed plaintiffs' action for failure to state a claim on which relief could be granted. There is no indication plaintiffs appealed that decision.

Shortly after their state court action was dismissed, plaintiffs filed this action contending that defendants had conspired to deprive them of their constitutional rights in the state court proceeding. The district court granted defendants' motion to dismiss/summary judgment, holding that Judge Lanning was absolutely immune for his actions in the prior court proceedings, that Judge Lanning was entitled to Eleventh Amendment immunity for any claims brought against him in his official capacity, and that the statute of limitations had long since run on plaintiffs' claims regarding ownership of the property.

With regard to defendant Busby, the court determined that plaintiffs had failed to set forth with particularity the factual basis for their fraud or conspiracy allegations allegedly perpetrated by defendant Busby in defending plaintiffs' action against the Schraders in 2001. The court also dismissed the complaint against both defendants as to the fraud allegations for failure to comply with Fed. R. Civ. P. 9. *See generally* R. doc. 51.

Plaintiffs then filed a motion to vacate the district court's judgment, citing Fed. R. Civ. P. 60(b)(4) and alleging the district court lacked jurisdiction to enter its judgment because the judge was "'under a writ' at the time of issuing the void Order and void Judgment." R. doc. 53 at 1. [1] Based on a copy of this petition for writ of mandamus filed with the district court, it appears plaintiffs sought to have this court compel the district court to vacate a protective order entered by a magistrate judge staying further discovery of Judge Lanning pending the court's ruling on the dispositive motions to dismiss/summary judgment. Plaintiffs' Rule 60 motion further alleged they were denied due process because they were deprived of their right to discovery, multiple frauds were perpetrated on the court, their pro se pleadings were not accorded the appropriate liberality, and the district court arrived at a conclusion "[n]o competent jurist would come to." *Id.* at 1-4.

---

[1] A search of this court's records has failed to uncover the existence of this alleged petition for writ of mandamus.

The district court carefully considered plaintiffs' arguments and denied the motion.

As best we can discern, on appeal to this court, plaintiffs raise the following issues:

> 1. Because the district court denied Judge Lanning's first motion to dismiss based on judicial immunity, the court could not subsequently dismiss the action on that ground. Aplt's Opening Br. at 10.
>
> 2. The district court abused its "discretionary authority to dismiss" the action because the plaintiffs "were deprived of discovery" (which we take to mean by the entry of the protective order staying discovery of Judge Lanning). *Id.* at 10-11.
>
> 3. The district court "usurped" this court's authority by continuing to rule on the case while a writ of mandamus was pending in this court. *Id.* at 11.
>
> 4. The district court " lied " about the contents of the record by stating that "[Judge] Lanning had adjudicated the Moores' state court case where [the district court] was placed on notice of [Judge] Lanning's misprision." *Id.*

No legal authority is cited for any of these propositions, nor have plaintiffs included any citations to the record. As noted earlier, although it appears that a document purporting to be a petition for writ of mandamus was created and a copy filed with the district court, there is no evidence such a writ was filed in this court.

We review the district court's decision de novo, employing the same standard as did the district court. *Amro v. Boeing Co.* , 232 F.3d 790, 796 (10th

-4-

Cir. 2000). Summary judgment is appropriate if no genuine issue as to any material fact is in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiffs' claim that the district court was somehow precluded from granting defendant Judge Lanning's motion to dismiss/or for summary judgment because the court initially denied a similar motion is without legal merit. The district court's first order merely denied defendants' motions "at this time" because at that point the court determined there was "no admissible evidence establishing that the previous state lawsuits regarding the Washington County property . . . form[ed] the basis of the allegations in this present action." R. doc. 11. That order was clearly interlocutory, however, and subject to reconsideration upon presentment of proper supporting documentation. Moreover, the court clearly contemplated the filing of further motions for summary judgment. The district court retained its jurisdiction to modify or rescind a prior interlocutory order, including the authority to entertain a second motion for summary judgment after denying the first one. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979). This argument is without merit.

Next plaintiffs complain that the district court abused its discretion by granting Judge Lanning's motion for a protective order. They appear particularly disturbed because they had responded to Judge Lanning's request for admissions,

but were denied reciprocal discovery because of the protective order. This argument is also without merit. The district court considered Judge Lanning's request to stay discovery pending the disposition of his second motion to dismiss/summary judgment. "The decision of a district court to enter a protective order under Rule 26(c) is reviewed for an abuse of discretion." *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 853 (10th Cir. 1996). And, the district court properly decided the threshold question of immunity prior to permitting discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Hence, the district court did not abuse its discretion in staying discovery.

For their third argument, plaintiffs contend the district court "usurped" the authority of this court by continuing proceedings notwithstanding the alleged filing of a petition for writ of mandamus in this court. As noted, we have no record of this proceeding. Plaintiffs do not furnish a case number for such a petition, but merely contend it "still languishes before this court without rebuttal," Aplt's Reply Br. at 6, nor do they offer any authority for their theory that the filing of an original proceeding divests the district court of jurisdiction to proceed with an action properly before that court. In any event, "mandamus is not a substitute for an appeal." *See Weston v. Mann (In re Weston),* 18 F.3d 860, 864 (10th Cir. 1994). Absent the grant of a stay of the district court proceedings or a properly filed appeal, the district court did not lack jurisdiction to enter judgment.

-6-

Last, defendants claim the district court "lied" about the contents of the record. Beyond this somewhat cryptic complaint, again unsupported by any authority, we are unable to decipher a legal basis for any error on the part of the district court. The district court had jurisdiction over plaintiffs' action and the authority to enter summary judgment for defendants.

Finally, defendant Busby has moved for damages and filing restrictions against plaintiffs. A similar motion was denied by the district court. The district court further determined that the "balance between providing open access to the courts and discouraging meritless suits, weigh[ed] against imposing attorneys fees against plaintiffs." *See* R. doc. 83 at 4. While we do not condone plaintiffs' unnecessary invectives and personal attacks on the defendants and their attorneys, we decline to award damages. Defendant's motion is therefore denied. Plaintiffs' motion to strike defendant's motion is denied as moot.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Terrence L. O'Brien
Circuit Judge


-7-