**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GANIYU AYINLA JAIYEOLA,

    Plaintiff - Appellant,

v.

GARMIN INTERNATIONAL, INC.,

    Defendant - Appellee.

Nos. 21-3114 & 21-3169
(D.C. No. 2:20-CV-02068-HLT-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.
_____

In these combined appeals, Ganiyu Ayinla Jaiyeola appeals (1) the district court's final judgment dismissing his action with prejudice as a sanction for his abusive litigation conduct and (2) the district court's order denying for lack of jurisdiction motions filed after the notice of appeal of the final judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in each appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background[1]

### A.    The show cause order

Mr. Jaiyeola brought an action against Garmin International, Inc., asserting Garmin's failure to hire him was discriminatory.[2]  After a year of the parties attempting to proceed through the early litigation stages, the assigned magistrate judge determined that efforts to effectively and fairly manage the case had been unsuccessful due to Mr. Jaiyeola's litigation conduct.  That conduct included making unsubstantiated claims of fraud and bad faith by defense counsel and requesting sanctions for that alleged conduct;[3] seeking, without good cause or success, reconsideration and/or district court review of nearly every discretionary decision the magistrate judge had made; and filing two unsuccessful motions to disqualify the

---

[1] Unless otherwise indicated, all citations to the record or an appendix are to those in appeal No. 21-3114.

[2] Mr. Jaiyeola has represented himself throughout this litigation.  We therefore construe his pro se filings liberally, but we may not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Mr. Jaiyeola believed counsel committed fraud on the court in two ways.  First, in Garmin's answer, counsel described the job he applied for as "Advanced Materials Engineer – *Plastics and* Metals," R., Vol. I at 268 (emphasis added) (boldface omitted), rather than, as Mr. Jaiyeola described it, "Advanced Materials Engineer – Metals," *id.* at 21 (internal quotation marks omitted).  Mr. Jaiyeola claimed this was fraud on the court because it was an attempt to show he was not qualified for the position.  *See, e.g., id.* at 316-17.  Second, Mr. Jaiyeola alleged that counsel lied in another filing when she included an email she wrote to him summarizing a telephone call during which Mr. Jaiyeola allegedly made derogatory comments to her, stated he would be filing an ethics complaint against her, and indicated she would be disbarred.  *See* R., Vol. II at 26.

magistrate judge. Concluding that Mr. Jaiyeola was "abusing the judicial process," the magistrate judge ordered him to show cause why the case should not "be dismissed as a sanction for his abusive litigation tactics" and why he should not be required to reimburse Garmin for "attorney fees and expenses incurred in response to his frivolous filings." R., Vol. II at 252. The magistrate judge also vacated the scheduling order.

**B.    Filings leading up to the June 9 status conference**

Mr. Jaiyeola did not directly respond to the show cause order. Instead, he filed a motion for certification under 28 U.S.C. § 1292(b) and a stay (ECF No. 108[4]) so he could appeal the show cause order to this court. On April 14, 2021, seeking to "manage expectations" and "set the tone for this case going forward," R., Vol. II at 927 (internal quotation marks omitted), the district court set an in-person status conference on the show cause order and the § 1292(b) motion in Kansas City (ECF No. 112). Mr. Jaiyeola moved for reconsideration (ECF No. 113), primarily arguing he could not attend the hearing because of the COVID-19 epidemic and the fact that he resides in Michigan. He also requested recusal of the magistrate judge. The district judge set a telephonic hearing on the motion for reconsideration and recusal, and she ordered expedited briefing (ECF No. 115). Mr. Jaiyeola then filed a motion

---

[4] We identify the many different motions discussed in the remainder of our decision by reference to the Electronic Case Filing ("ECF") number on the district court's docket. Although we omit reference to the separate memoranda Mr. Jaiyeola filed in support of his motions, we have reviewed those memoranda.

3

to appoint a special master to decide the show cause order and his motion for reconsideration (ECF No. 117).[5]

Just minutes before the telephonic hearing, however, Mr. Jaiyeola filed his third motion to disqualify the magistrate judge (ECF No. 120). The district judge held the telephonic hearing and denied the motion for reconsideration of the order setting the status conference and the incorporated request for recusal of the magistrate judge (ECF Nos. 122 (minute entry), 134 (transcript)). The court stated it would consider filing restrictions if either party continued to file multiple motions on repetitive issues. *See* R., Vol. III at 20-21.

Mr. Jaiyeola immediately filed a notice of appeal from that ruling (ECF No. 123). The same day, the district court referred ECF No. 120 to the magistrate judge (ECF No. 125). Soon thereafter, and because of the appeal, the district court cancelled the status conference (ECF No. 127). While the appeal was pending, Mr. Jaiyeola filed a motion for a scheduling order (ECF No. 130) and a motion for (1) reconsideration of the referral of ECF No. 120 and (2) recusal of the district judge based on the referral (ECF No. 128).

A panel of this court dismissed the appeal because the order denying the motion for reconsideration was not final or immediately appealable, *see* R., Vol. II at 490-91. After that dismissal, the district court reset the status conference for

---

[5] Mr. Jaiyeola "believe[d]" the district judge had a "conflict regarding the issues" because, by summarizing some of the district judge's rulings, the magistrate judge had made her "a witness" regarding the issues raised in the show cause order. R., Vol. II at 387.

June 9, 2021 (ECF No. 137). The next day, Mr. Jaiyeola sought reconsideration of that setting, vacatur of the referral of his third disqualification motion, and a ruling on his pending requests to disqualify or recuse the district and magistrate judges (ECF No. 138). The district court vacated the referral, denied the third motion to disqualify, denied the request that the district judge recuse, declined to reschedule the status conference, and ordered the parties to attend that hearing (ECF No. 140).

Thereafter, Mr. Jaiyeola filed (1) a motion to vacate the show cause order (ECF No. 141); (2) a motion, soon amended, to continue the June 9 hearing until after briefing on his motion for a scheduling order could be completed so that motion could be considered at the hearing (ECF Nos. 146, 149); and (3) a motion for reconsideration of ECF No. 140 (ECF No. 147). The district court did not rule on the motion to vacate the show cause order, but it denied the other two motions (ECF No. 150). The court warned that future filings related to the June 9 hearing would likely result in a $200 sanction. Shortly before that order was entered, Mr. Jaiyeola had filed another motion to continue the hearing (ECF No. 151), which the district court separately denied (ECF No. 153).

Next, the day before the June 9 hearing, Mr. Jaiyeola filed a petition for a writ of mandamus with this court, seeking disqualification of the district and magistrate judges, vacatur of the show cause order, and appointment of a special master. A panel of this court denied the petition on June 28, 2021.

5

## C.    The June 9 status conference

Meanwhile, the district court held the status conference on June 9. The magistrate judge attended. At the outset, Mr. Jaiyeola objected that his pending mandamus action divested the district court of jurisdiction. The district court overruled that objection, explaining that "[a]bsent a stay by the Tenth Circuit, the filing of a petition for mandamus does not divest the district court of jurisdiction." Aplee. Suppl. App. at 58 (citing *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004)). At the conclusion of the conference, the court took matters under advisement. By minute order (ECF No. 157), the court denied Mr. Jaiyeola's motions for § 1292(b) certification and for appointment of a special master.

## D.    Filings after the in-person hearing

While the court considered the pending matters, Mr. Jaiyeola filed an objection to the magistrate judge's presence at the hearing (ECF No. 158). He alleged that the magistrate judge, who sat in the jury box, created a hostile environment by "glaring at" Mr. Jaiyeola and moving closer to him during the hearing. R., Vol. II at 911.

Mr. Jaiyeola also filed a response (ECF No. 160) to Garmin's motion for an extension of time to file its response to the motion for a scheduling order until after the district court ruled on the show cause order. He asked the court to sanction Garmin and its counsel for filing the request, which he characterized as frivolous and in violation of Fed. R. Civ. P. 1, by granting summary judgment in his favor and imposing sanctions against defense counsel. The magistrate judge granted the

6

extension of time and declined to sanction Garmin (ECF No. 161).  Mr. Jaiyeola filed

a notice of appeal from the magistrate judge's order (ECF No. 162).

## E.    The district court's "final chance" ruling

On June 18, while the appeal was pending, the district court issued a 36-page

ruling (ECF No. 165).  The court first determined that the magistrate judge's order

granting Garmin's motion for an extension of time and declining Mr. Jaiyeola's

request for sanctions was an unappealable interlocutory order, and therefore

Mr. Jaiyeola's notice of appeal was frivolous and deficient; accordingly, the notice

did not divest the district court of jurisdiction.  This court in fact dismissed the

appeal for lack of jurisdiction on July 6, 2021, because the magistrate judge's order

was not final or otherwise appealable.  *See* Aplee. Suppl. App. at 51-53 (ECF

No. 180).

The district court also determined that Mr. Jaiyeola had (1) never shown cause

in writing why his case should not be dismissed; (2) made repetitive, frivolous, and

abusive filings, including motions for recusal and motions for reconsideration;

(3) made repeated, unsubstantiated misconduct allegations against the court and

defense counsel; (4) resisted or obstructed nearly every effort by the court to manage

the case and showed disrespect leading up to and during the June 9 hearing; and

(5) had engaged in similar conduct in other cases.  Regarding Mr. Jaiyeola's

objection to the magistrate judge's presence at the hearing, the court specifically

found that "at no time did [the magistrate judge] glare at [Mr. Jaiyeola], in a hostile

manner or otherwise," and that the magistrate judge "always remained on the

7

opposite side of the courtroom from [Mr. Jaiyeola]." R., Vol. II at 940. The court concluded that Mr. Jaiyeola's "objection simply reflects [his] continued and unfounded attempt to baselessly attack a member of the judiciary." *Id.* at 941.

Consequently, the district court found that the show cause order was warranted, denied the motion to vacate that order, and denied a motion to sanction defense counsel Mr. Jaiyeola had filed (ECF No. 103) just prior to the show cause order. The court also overruled Mr. Jaiyeola's objections to an order of the magistrate judge (ECF No. 97) denying his motion to compel discovery of documents Garmin claimed were subject to attorney client privilege (ECF No. 62). But rather than dismiss the case as a sanction, the district court gave Mr. Jaiyeola "a final chance" by allowing the case to continue with several restrictions and conditions. *Id.* at 949. Chief among those were: (1) either party could "notice up to two additional depositions" but could show that additional depositions were warranted by filing "an appropriate and targeted motion"; (2) Mr. Jaiyeola's filing of any further motions the district court "denied and deemed frivolous" would "result in at least a $200 monetary sanction but may include additional sanctions, including dismissal with prejudice"; (3) "[r]equests to disqualify either the [district judge] or [the magistrate judge would] be deemed frivolous if based on similar allegations as his previous motions or if sought simply because [Mr. Jaiyeola] disagrees with court orders"; (4) "[u]nwarranted or rote motions for reconsideration or review that fail to set forth valid grounds for reconsideration or review, and which are subsequently denied, [would] be deemed frivolous"; and (5) "any other repetitive, abusive, or vexatious

8

motion . . . may result in additional sanctions, including . . . <u>dismissal with prejudice</u>." *Id.* at 950-51. The court "strongly cautioned" Mr. Jaiyeola "that failure to abide by these sanctions and follow these orders [would] likely result in the imposition of additional sanctions, **including dismissal of this case with prejudice and without further notice**." *Id.* at 951.

## F.    Dismissal of the case

Despite these warnings, and on the next business day after the June 18 order, Mr. Jaiyeola filed a motion to disqualify both judges, repeating his allegations that the magistrate judge harassed and threatened him during the June 9 conference and that the district judge had enabled and encouraged the magistrate judge's presence and actions (ECF No. 167). Mr. Jaiyeola also reiterated his previously rejected misconduct claims against the magistrate judge. Two days later, he filed a motion to depose twelve additional witnesses (ECF No. 169).

The district court denied the motion to disqualify and deemed it frivolous given the court's related findings in its June 18 order. And it considered the motion for twelve additional depositions a reflection of Mr. Jaiyeola's "clear intent . . . to not abide by the Court's limitations going forward and to continue his aggressive and vexatious litigation behavior," *id.* at 1028, because the motion was not "targeted," as the June 18 order required, *see id.* at 950, but was based solely on the fact that Mr. Jaiyeola had designated the individuals as witnesses in his initial disclosures. Accordingly, the court dismissed the case with prejudice as a sanction under Rule 11

9

because the motions violated "the letter and spirit of the June 18 order," *id.* at 1028.

The court denied the motion to depose an additional twelve witnesses as moot.

Mr. Jaiyeola appealed the judgment of dismissal, giving rise to appeal

No. 21-3114. Soon thereafter he made a series of filings in the district court[6] seeking

reconsideration of the magistrate judge's order (ECF No. 161) granting Garmin's

motion for an extension of time to file a response to Mr. Jaiyeola's motion for a

scheduling order. The district court denied the motions without prejudice for lack of

jurisdiction because they concerned more than collateral matters, and the appeal from

the final judgment divested it of jurisdiction over non-collateral matters

(ECF No. 193). Mr. Jaiyeola appealed that ruling, giving rise to appeal No. 21-3169.

## II.  Discussion

### A.    Appeal No. 21-3114

### 1.  Argument concerning the district court's subject matter jurisdiction

Because subject matter jurisdiction is a threshold issue, *see Lang v. Lang*

*(In re Lang)*, 414 F.3d 1191, 1195 (10th Cir. 2005), we begin our discussion with the

final argument in Mr. Jaiyeola's opening brief—that the district court lacked subject

matter jurisdiction to hold a hearing and rule on the show cause order and the motion

to appoint a special master. Mr. Jaiyeola argues this is so because, a day before the

June 9 hearing, he filed a petition for a writ of mandamus concerning those two

matters, and "a mandamus petition is a notice of appeal." Aplt. Opening Br.

---

[6] ECF Nos. 182 (motion for reconsideration), 184 (motion to withdraw ECF No. 182), 185 (motion for reconsideration).

at 61-62.  In support, he cites *In re Dummar*, No. 07-4185 (10th Cir. Sept. 24, 2007) (unpublished) (order denying mandamus petition).  This argument is frivolous.  What we said in *Dummar* was that "[w]e have *on occasion construed* a mandamus petition as a notice of appeal."  *Id.* at 2 (emphasis added).  In support, we cited *United States v. Gundersen*, 978 F.2d 580 (10th Cir. 1992).  In *Gunderson*, we explained that although a mandamus petition generally may *not* be a substitute for an appeal, *id.* at 582, such a petition could be construed as a notice of appeal when necessary to preserve the right to appeal an appealable order, *see id.* at 583-84.  But nothing in Mr. Jaiyeola's mandamus petition suggested he was seeking to appeal; instead, he clearly sought mandamus relief—disqualification of the magistrate and district judges, vacatur of the show cause order, and appointment of a special master.  Nor was the show cause order or the denial of the motion to appoint a special master final or immediately appealable rulings.  Thus, even if the mandamus petition could be construed as a notice of appeal, it did not divest the district court of jurisdiction.  *See Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of . . . reference to a non-appealable order, . . . the district court may ignore it and proceed with the case.").

## 2.  Arguments concerning dismissal

We review for an abuse of discretion the district court's dismissal of an action with prejudice as a sanction for abusive litigation conduct.  *See King v. Fleming*, 899 F.3d 1140, 1147 (10th Cir. 2018) (setting out standard of review).  The

district court applied the five factors that guide courts in determining whether

dismissal with prejudice is a proper sanction:

> (1) the degree of actual prejudice to the defendant caused by the
> misconduct; (2) the amount of interference with the judicial process; (3) the
> culpability of the litigant; (4) whether the court warned the litigant in
> advance that dismissal of the action would be a likely sanction for
> noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 1150 (brackets and internal quotation marks omitted).  And having reviewed

the district court record, we conclude that Mr. Jaiyeola has not shown the district

court abused its discretion in determining that test was met.

Mr. Jaiyeola does not appear to address the district court's finding on the first,

fourth, or fifth factors.  But regardless of any briefing failure, we see no abuse of

discretion as to those factors.  His arguments instead appear to primarily target the

second and third factors.[7]

For the second factor, the district court found Mr. Jaiyeola interfered with the

judicial process based on his repetitive, frivolous, and abusive filings, particularly

after the court first set the in-person hearing,[8] and even more particularly after the

---

[7] In many of his arguments, Mr. Jaiyeola takes issue with the substance of
rulings on motions he filed, complaining that in several instances the district court
abused its discretion by failing to explain its reasoning for denying a motion.  We
reject his argument that the district court failed to adequately explain its reasoning
for rulings in ECF Nos. 100, 103, 108, and 117.  The district court's reasoning for its
rulings against Mr. Jaiyeola on those motions can be found at R., Vol. II at 954-55;
*id.* at 938-39; Aplee. Suppl. App. at 70-72; and *id.* at 60-62, respectively.

[8] In its dismissal order, the district court incorporated the discussion of
Mr. Jaiyeola's litigation conduct and the five factors it had provided in its "final
chance" order.  In that order, the court aptly noted that "[a]n order setting a hearing
in a case with contested issues is generally unremarkable.  But in this case, it

court issued the "final chance" ruling.  For the third factor, the district court found

Mr. Jaiyeola culpable because his litigation conduct was the primary cause of

difficulties in the case, many of his filings occurred after he was sanctioned for

similar conduct in a case in another jurisdiction, and he lacked remorse for his

conduct, including by refusing to acknowledge at the June 9 hearing that he had filed

any repetitive or frivolous motions.

We see no abuse of discretion as to either factor.  Mr. Jaiyeola's assertion that

he never filed anything repetitious is belied by the record.  And he misses the mark in

arguing that because neither the magistrate judge nor the district judge ever denied a

motion as frivolous, he never filed anything that was frivolous.  In its "final chance"

ruling, the district court identified a number of filings it characterized as frivolous.

*See* R., Vol. II at 920 n.2 (referring to notice of appeal of order that granted Garmin's

motion for extension of time and denied Mr. Jaiyeola's request for sanctions as

frivolous); *id.* at 926 (discussing show cause order, where the magistrate judge found

Mr. Jaiyeola had "made numerous frivolous filings, including seeking

reconsideration or review (or both) of nearly every order, despite those rulings being

largely discretionary" (internal quotation marks omitted)); *id.* at 935 (listing motions,

and requests embedded in other motions, to recuse magistrate judge as examples of

frivolous filings); *id.* at 945-46 (discussing the "mostly frivolous" filings

Mr. Jaiyeola made after the initial setting of the status conference).  And in its

---

spawned a telephone conference, eleven motions, an interlocutory appeal, and a
petition for mandamus."  R., Vol. II at 939.

dismissal order, the court found frivolous his final motion to disqualify the magistrate and district judges.

Nor did the district court abuse its discretion in finding that Mr. Jaiyeola "file[d] motions or appeals or [took] other actions to improperly and unilaterally manipulate the schedule in this case," *id.* at 936; that his misconduct allegations against the court and defense counsel were unfounded; and that his conduct leading up to and during the June 9 hearing "was disrespectful," and he was "unrepentant for this behavior," *id.* at 939.  We acknowledge Mr. Jaiyeola's argument that he had to file objections with the district court to preserve appellate review of the magistrate judge's non-dispositive rulings.  *See Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781-83 & n.23 (10th Cir. 2021) (explaining that this court's "firm waiver rule," under which "a party who fails to make a timely objection to [a] magistrate judge's ruling waives appellate review of both factual and legal questions" unless an exception applies, is applicable "when a party fails to object to a magistrate judge's non-dispositive ruling" (brackets and internal quotation marks omitted)). That, however, does not lead us to conclude that the district court exceeded its discretion in finding Mr. Jaiyeola abused that process by "fail[ing] to apply the appropriate deferential" standard of review; asserting "the underlying decision was clearly erroneous or contrary to law, but never point[ing] to any evidence supporting this conclusion";[9] often making "little to no effort to actually apply the standard he

---

[9] When a litigant objects to a magistrate judge's non-dispositive order, the standard of review is whether the order is "clearly erroneous or contrary to law."

recites"; and making "demands for relief [that] are generally just conclusory." R., Vol. II at 936.

Mr. Jaiyeola argues that the district court violated Federal Rule of Evidence 201(b)(2) by taking judicial notice of his conduct in other cases when considering whether dismissal with prejudice was an appropriate sanction. That rule permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Mr. Jaiyeola argues the district court violated the rule because the nature of his conduct in his other cases is subject to reasonable dispute. However, the district court expressly did not "opine of the propriety of any order or ruling in [the] underlying cases" and instead relied on Mr. Jaiyeola's conduct in those cases only because it "demonstrate[d] that [his] conduct in <u>this case</u> is not an aberration." R., Vol. II at 943. We see no Rule 201(b)(2) violation. Even if there were, it would not materially alter our conclusion that the district court did not abuse its discretion in evaluating the five *King* factors and dismissing this case with prejudice as a sanction.

### 3. Arguments about recusal and sanctions

To the extent Mr. Jaiyeola persists in arguing that the magistrate and district judges were biased against him and should have recused, we disagree. His argument is based on adverse rulings the district court characterized—correctly, in our view—

---

28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988).

as including "even fairly benign or procedural rulings," *id.* at 1026, and on remarks the magistrate judge made at a scheduling conference and in some rulings. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and we do not see how they do here. Further, none of the magistrate judge's remarks "reveal[ed] an opinion that derive[d] from an extrajudicial source," which can support a claim of bias, or displayed the "high degree of favoritism or antagonism as to make fair judgment impossible" that will support a bias claim. *Id.* Rather, the remarks at the scheduling conference were merely an effort to educate a pro se litigant concerning the management of the case, including the potential costs involved in pursuing certain types of discovery, especially depositions. And the magistrate judge's other remarks were, at most, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56; *see also id.* at 556 ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from claims of improper bias].").

Mr. Jaiyeola also asks us to sanction Garmin and its counsel, as a matter of fraud on the court, for misstating in its answer to the complaint the title of the position for which Mr. Jaiyeola applied. This request is frivolous, and we reject it. Even assuming the misstatement was an intentional misrepresentation, it does not rise to the level of fraud on the court. *See Weese v. Schukman*, 98 F.3d 542, 552-53

16

(10th Cir. 1996) (explaining that "nondisclosure to the court of facts allegedly pertinent to the matter before it[] will not ordinarily rise to the level of fraud on the court" (internal quotation marks and italics omitted)).[10]

Finally, we add that we see no issues or arguments in this appeal meriting discussion other than those we have addressed.

## B.     Appeal No. 21-3169

This appeal concerns post-judgment filings (ECF Nos. 182, 184, 185) in which Mr. Jaiyeola asked the district court to consider objections to the magistrate judge's order (ECF No. 161) granting Garmin an extension of time (until seven days after the district court's ruling on the show cause order) to file a response to his motion for a scheduling order and denying his request to sanction Garmin and its counsel for seeking the extension. In requesting sanctions (summary judgment in his favor and appropriate sanctions against defense counsel), Mr. Jaiyeola had characterized Garmin's motion as frivolous and violative of Fed. R. Civ. P. 1.[11] The district court

---

[10] We note an additional, discrete assertion in Mr. Jaiyeola's reply brief—that of the fourteen separately listed issues in his opening brief, Garmin responded to only one (dismissal of the case with prejudice) and has therefore abandoned the remaining thirteen. We disagree. Any lack of briefing by Garmin does not require us to rule in Mr. Jaiyeola's favor. *See* Fed. R. App. P. 31(c) (stating that an appellee's failure to file a response brief results only in forfeiture of oral argument, but an appellant's failure to file an opening brief can result in dismissal of the appeal). Mr. Jaiyeola's reliance on *Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316 (11th Cir. 2012), is misplaced, because its discussion of appellee waiver involved a failure to assert an alternative basis for affirming a judgment, *see id.* at 1318, which is not the case here.

[11] Mr. Jaiyeola apparently relied on Rule 1 for its statement that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the

denied the post-judgment filings without prejudice for lack of jurisdiction, explaining that Mr. Jaiyeola's notice of appeal from the final judgment deprived the court of jurisdiction over the case except for collateral matters not involved in the appeal. The court found that the post-judgment motions were not limited to sanctions but involved issues similar to those that Mr. Jaiyeola had raised multiple times before and that had led to dismissal.

We review de novo whether the district court had subject matter jurisdiction. *Mires v. United States*, 466 F.3d 1208, 1209 (10th Cir. 2006).  Mr. Jaiyeola argues that the district court retained jurisdiction to review the magistrate judge's denial of his request for sanctions because sanctions are a collateral matter.  We disagree.

"[T]he general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal."  *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) (internal quotation marks omitted).  A sanction is typically a collateral matter.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).  Here, however, the district court's dismissal involved the propriety of all of Mr. Jaiyeola's requests to sanction Garmin or its counsel.  *See* R. (No. 21-3169), Vol. III at 202-03 (finding, in "final chance" ruling, that Mr. Jaiyeola had "levied inappropriate misconduct allegations at [Garmin's] counsel, including in briefs, a motion for sanctions, and during communications between the parties").  Thus, Mr. Jaiyeola's request for sanctions

---

court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

18

relating to Garmin's motion for an extension of time is intertwined with aspects of appeal No. 21-3114. *See Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal quotation marks omitted)). Mr. Jaiyeola contends the sanctions issue is not related to that appeal because there he did not argue the district court abused its discretion in finding that his motions and other requests for sanctions against Garmin and its counsel supported dismissing his case as a sanction for his abusive litigation habits. We reject this argument. Regardless of whether he advanced that argument, the sanctions issue remains an "aspect[] of the case involved in the appeal," *id.* (internal quotation marks omitted). Accordingly, we affirm the district court's order denying the post-judgment motions. We deny all other relief Mr. Jaiyeola requests in his opening brief (sanctions on defense counsel; referral of defense counsel to Kansas disciplinary authorities; disqualification of the magistrate and district judges; appointment of a special master).

## III.  Conclusion

In appeal No. 21-3114, we affirm the district court's judgment, and in appeal No. 21-3169, we affirm the order denying Mr. Jaiyeola's post-judgment motions.

Entered for the Court

Mary Beck Briscoe
Circuit Judge